THE SAYRE LAW GROUP, PLLC
45 W. JEFFERSON STREET
FLOOR 10
PHOENIX, ARIZONA 85003
(602) 595-8435
KSAYRE@THESAYRELAWGROUP.COM

COPY
OCT 2 6 2017
MICHAEL K. JEANES, CLERK
V. CANISALES
DEPUTY CLERK

Kimberly J. Sayre (SBN 018518)
*Attorneys for Plaintiffs*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LINDA SANTELLANES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY S.I., a Wisconsin corporation; JOHN DOE and JANE DOE I through V, fictitious individuals; ABC CORPORATION and/or PARTNERSHIPS, I-X; fictitious entities,<br><br>　　　　　Defendants. | No. CV　CV 2017-014193<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Breach of Contract-Bad Faith) |

Plaintiff Linda Santellanes individually, alleges against defendants as follows:

General Allegations

1. Plaintiff Linda Santellanes is a resident of Maricopa County, State of Arizona.

3. Defendant American Family Mutual Insurance Company, S.I. is a Wisconsin corporation, duly licensed to sell and administer insurance in the State of Arizona.

4. All acts alleged here arose from occurrences within Maricopa County, State of Arizona.

5. JOHN DOES 1-X, JANE DOES 1-X, BLACK AND WHITE CORPORATIONS 1-X, BLACK AND WHITE PARTNERSHIPS 1-X are fictiously named Defendants who may be at fault with respect to this claim. As soon as the real names of such individuals become available, this complaint will be amended.

6. Jurisdiction and venue are proper in this court.

7. Plaintiffs claims are subject to the jurisdiction of the Superior Court for the State of Arizona and request compensation in amounts above the minimum set for jurisdiction inSuperior Court for the State of Arizona.

8. Plaintiff held an American Family insurance policy covering her automobile at all relevant times and has paid in full its premiums to insure her vehicle, Policy Number 02-U13050-01. Coverage during this period of time consisted of, amount other things, $250,000 per person and $500,000 per occurrence of uninsured and underinsured motorist benefits.

9. On or about May 2, 2015, Plaintiff was involved in an automobile accident with an underinsured driver.

10. As a direct and proximate causes of that accident plaintiff suffered injuries. As a direct result of these injuries, Ms. Santellanes has been forced to incur medical expenses, pain and suffering, lost earnings, anxiety, disability, inconvenience and general interruption with his normal lifestyle.

11. Thereafter, Plaintiff, pursuant to the provisions of her American Family Insurance policy, made a claim for uninsured motorist coverage.

12. Defendant denied Plaintiff's claim.

13. Defendant failed to adequately investigate Plaintiff's claims.

14. Defendant failed to give equal consideration to Plaintiff's claims.

15. Defendant, by their unreasonable investigation and adversarial position in handling Plaintiff's claims, forced Plaintiff into litigation.

16. Defendant intended by their acts to cause a *de facto* denial of benefits to Plaintiff.

17. Pursuant to the contract of insurance issued by Defendant to Plaintiff, Plaintiff is required to file suit against Defendant for the purposes of proving the merits of her uninsured motorist claims.

18. By failing to make a good faith offer to Plaintiff, Defendant has in effect forced litigation.

## BREACH OF CONTRACT

19. The forgoing allegations are repeated, re-alleged and restated as if fully set forth.

20. Defendant's failure to make a good faith offer and refusal to consider payment for Plaintiff's pain and suffering constitute a *de facto* denial of coverage.

21. Defendant's failure to make a good faith offer and refusal to consider payment for Plaintiff's pain and suffering constitutes breach of contract.

22. As a direct and proximate cause of the breach, Plaintiff has incurred direct and consequential damages.

## BAD FAITH

23. The forgoing allegations are repeated, re-alleged and restated as if fully set forth.

24. In every contract of insurance there is inherent in it the covenant of good faith and fair dealing.

25. Defendant's failure to adequately investigate, failure to treat Plaintiff's claims with equal consideration, failure to make a good faith offer, failure to make reasonable efforts to alleviate the necessity of litigation and failure to pay a reasonable amount to Plaintiff is a breach of the covenant of good faith and fair dealing.

26. As a direct and proximate result of Defendant's breach of the covenant of good faith and fair dealing, Plaintiff has incurred and/or sustained damages.

27. Upon information and belief, Defendant acted with a consistent pattern to undermine the security of its own insurance policies to the detriment of its insureds including Plaintiff, to the extent that it constitutes a conscious disregard of the substantial likelihood that such conduct is likely to cause injury and constitutes conduct sufficient to incur a penalty of punitive damages.

28. Plaintiff is therefore entitled to punitive damages in an amount sufficient to stop such conduct and deter similar conduct in the future.

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them including, but not limited to the following:

1. For breach of contract and bad faith;
2. For general and compensatory damages in an amount to be proven at trial in excess of the minimal jurisdictional limits of this state;
3. For special damages which have been incurred and will be incurred in the future;
4. For Plaintiff's costs incurred pursuant to A.R.S. 12-341.01;
5. For punitive damages in an amount sufficient to punish the defendant;
4. For pre- and post-judgment interest at the statutory rate of 10% per annum; and
5. For such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 26th day of October, 2017.

THE SAYRE LAW GROUP, PLLC

Kimberly J. Sayre, Esq.
Attorney for Plaintiff